JONES, Justice:
On December 17, 1969 appellant filed his bill of complaint in the Chancery Court of DeSoto County, Mississippi, seeking to have the purchase by appellee, Floyd Adams, Jr., of certain property at a trustee’s sale held to be for the benefit of appellant as a cotenant. It was charged that the appellant and the defendants were tenants in common of said property; however, both defendants denied that Adams was a cotenant.
At the time this case was filed, there was pending in said court another case between the same parties in which an adjudication of title, an accounting, and other relief was sought by appellant.
On May 26, 1969, in the cause pending and filed prior to the instant case, an interlocutory decree was entered, holding that Adams was not a cotenant with Morris and Hyden in the said lands but that the said property was owned one-third by Morris and two-thirds by Hyden. On October 21, 1969, the property was legally sold under foreclosure proceedings by the trustee; at which sale the appellee, Floyd Adams, Jr., was the purchaser.
In the first case filed on May 26, 1969, a final decree dated December 27, 1969, was rendered, in which the holdings of the interlocutory decree were reaffirmed and Adams was again held not to be a tenant in common. The interlocutory decree adjudicated the ownership of the property but the cause was continued for an accounting between the parties. The interlocutory decree and the final decree in the *792 first case are exhibits to the defendants’ answer.
The court, having referred to the final decree rendered in the first case and having relied thereon and in accordance therewith, held that there was no joint tenancy-on the part of Adams and dismissed the cause. The final decree in the instant case was rendered March 17, 1970, the chancellor finding that there was no fraud and no collusion, and that Adams had acted in perfectly good faith as a creditor seeking to protect his financial interest rather than as a tenant in common.
The only assignment of error in this cause is:
The trial court erred in holding that an Interlocutory Decree is sufficient to terminate the confidential relationship between co-tenants, thereby allowing an adverse purchase of the co-tenancy estate.
Of course, the interlocutory decree did not terminate any confidential relationship, for it was merely an adjudication of existing facts and was a finding that under the facts there was no cotenancy as to Adams.
It is true that the interlocutory decree was subject to change by the court; but, as a matter of fact, it was not changed; and in the final decree in the first case, the finding continued to be that Adams was not a cotenant at the time of the purchase. Furthermore, in the final decree of this cause, it is recited:
The Court finds this Court adjudicated in Cause No. 10,669 in this Court between the same parties involving the same property that Floyd Adams, Jr. was not an owner of the land described in the Bill of Complaint in this cause and no appeal was taken from the final decree in that cause dated December 27, 1969, and the Court finds the Complainant has failed to prove fraud or collusion on the part of the defendants at the foreclosure sale held October 21, 1969 at which Floyd Adams, Jr. was the purchaser of the property described in the Bill of Complaint in this cause. At the time of this foreclosure sale Floyd Adams, Jr. was a creditor of the parties.
The court further finds the complainant has not offered to do equity and has failed to prove he is entitled to any of the relief prayed for.
In the opinion preceding said final decree, the court further held:
The Final Decree did not, in that respect, in anywise alter the Interlocutory Decree, with the result that that finding and holding in the Interlocutory Decree was final from its entry, although not binding and not conclusive upon the Court, if the Court should see fit, before the Final Decree, to alter it. Not having been altered, then it is the Court’s opinion that, when Mr. Adams showed up at the foreclosure sale and bought the property in, he bought it in personally and not as a tenant in common.
The Court finds further that when he bought it in, he was interested in it only as a creditor and a creditor who had a right to wonder, after all the complications of this lawsuit, where his money was coming from and when he was going to receive it.
It would seem that the chancellor in this hearing in the instant case held from the evidence in this case as well as the previous decrees that there was no cotenancy between the parties at the time of the foreclosure sale.
The court specifically adjudicated that, there was no collusion or fraud.
The case is affirmed.
Affirmed.
RODGERS, P. J., and BRADY, SMITH and SUGG, JJ., concur.